Matthew R. Wilson (Bar No. 290473)
Michael J. Boyle, Jr. (Bar No. 258560)
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

Anthony Paronich (*pro hac vice* to be filed)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff George Moore and the*
*Proposed Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>CONTACTABILITY.COM LLC,<br><br>and<br><br>SMARTFINANCIAL.COM INSURANCE, LLC<br><br>                    Defendants. | Case No.  8:20-cv-569 |

## CLASS ACTION COMPLAINT

### Nature of this Action

1.     George   Moore   ("Plaintiff")   brings   this   class   action   against

CONTACTABILITY.COM     LLC     (hereafter,     "ContactAbility")     and

1

SmartFinancial.com Insurance, LLC. (hereafter, "SmartFinancial") (collectively "Defendants"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*     \*     \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3.     Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by delivering calls using an automated telephone dialing system (ATDS) to telephone numbers assigned to a cellular telephone service, without prior express consent, for the purpose of marketing its products and services, and the services of its customers.

4.     Moreover, Defendants made calls to residential telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA.  The recipients of Defendants' illegal

calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

## Jurisdiction and Venue

5.     The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2).   The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.   Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

6.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*

7.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district, and the Defendants' principal place of business is in this District.   Moreover, on information and belief, Defendants' principal place of business is in Costa Mesa, California, which is located within the boundary of the Santa Ana division of this District.

## Parties

8.     Plaintiff is a natural person who at all relevant times resided in Illinois.

9.     Defendant CONTACTABILITY.COM LLC is an Ohio corporation with its principal place of business at 1901 Newport Boulevard, Suite 100, Costa

Mesa, California. On information and belief, Defendant CONTACTABILITY.COM LLC is a wholly-owned subsidiary of Defendant SmartFinancial.com Insurance, LLC.

10. Defendant SmartFinancial.com Insurance, LLC is an Ohio corporation with its principal place of business at 1901 Newport Boulevard, Suite 100, Costa Mesa, California.

### The TCPA

11. The TCPA regulates, among other things, the use of an automated telephone dialing system ("ATDS") to make calls or send text messages. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such

numbers." § 227(a)(1)(A)-(B).  The first component of this definition is satisfied when a dialing system has the capacity to call "a given set of numbers" or when "dialing equipment is paired with . . . a database of numbers."[1]

14.    Recently, the Ninth Circuit clarified the law in this Circuit on the meaning of an automatic telephone dialing system.[2]  After concluding that the statutory text is ambiguous,[3] the Court held that "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically."[4]

15.    The Court similarly rejected the idea that "a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever."[5]  Rather, because, "[c]ommon sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions," the so-called

---

[1] *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, ¶ 133 (2003); *see In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (F.C.C. 2008) (rejecting argument that a dialing system "meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists" and reasoning that "the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective")
[2] *Marks v. Crunch San Diego, LLC,* 904 F.3d 1041 (9th Cir. 2018).
[3] *Id.* at 1051.
[4] *Id.* at 1052.
[5] *Id.*

"human intervention test" does not determine whether a system constitutes an ATDS.[6]

16.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

17.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."     47 C.F.R. § 64.1200(f)(8).

18.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

19.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

20.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and

---

[6] *Id.* at 1052-53.

provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.    47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

21.    Between August 27, 2019 and January 31, 2020, Defendants placed at least 5 calls to Plaintiff's cellular telephone number—(630) XXX-3205 and at least 17 calls to Plaintiff's residential landline—(630) XXX-1188.

22.    For example, on August 27, 2019, the Plaintiff received a call on his cellular telephone number from the Defendants.

23.    When Plaintiff answered, he heard an unnatural pause with silence before a live operator came on the line.

24.    The operator identified himself as "Tim Morris with State Farm Insurance" and stated that the purpose of the call was to offer an auto insurance quote.

25.    Mr. Moore was not interested in the services being offered.

26.    However, the calls continued.

27.    In order to confirm the identity of the company calling him, Mr. Moore attempted to listen to the entire telemarketing pitch.

28.    On January 24, 2020, the Plaintiff received two calls on his residential line from the Defendants.

29.     When Plaintiff answered the second call, he heard unnatural silence followed by a loud "bloop" sound before a live operator came on the line.

30.     The pause and/or "bloop" at the beginning of the call are tell-tale indicators of the use of an automated telephone dialing system (ATDS).   On information and belief, all of the calls Plaintiff received utilized the same ATDS system.

31.     Plaintiff provided information to the operator, to enable the call to be transferred to the insurance agent who would provide the auto insurance quote.

32.     The Plaintiff was eventually transferred to the insurance office of Steven Bishop, a State Farm insurance agent in Chicago, Illinois.[7]

33.     On January 27, 2020, the Plaintiff sent an email to State Farm Insurance and the office of Steven Bishop, regarding receiving unsolicited telemarketing sales calls despite having registered his phone numbers on the National Do Not Call Registry.

34.     On February 5, 2020, Plaintiff received an email from Alex Adcock, who identified himself as being responsible for "Do-Not-Solicit issues for State Farm."  Mr. Adcock stated that he would investigate the nature of the calls Plaintiff received.

35.     On February 28, 2020, Mr. Adcock informed Plaintiff via email that the calls he received were made by Defendant ContactAbility, who was a "third-party

---

[7] https://www.statefarm.com/agent/us/il/chicago/steven-bishop-1lfx26zp1ge

8

marketing vendor" for some State Farm agents, including Mr. Bishop.  Mr. Adcock provided contact information for ContactAbility, and urged him to reach out to it directly.

36.    On March 2, 2020, Plaintiff contacted ContactAbility to relay his concerns regarding its telemarketing conduct.

37.    He received no response.

38.    Plaintiff was and is the only customary user of the (630)-XXX-3205 telephone number.

39.    During all relevant times, Plaintiff was the sole subscriber for his residential landline number (630) XXX-1188.

40.    Plaintiff at no point sought out or solicited information or services from Defendants.

41.    The substance of the call received by Plaintiff—seeking to provide a quote for the purchase of insurance—demonstrates that the message was sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.  This message therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

42.    Moreover, for many years, the Plaintiff's telephone numbers have been listed on the NDNC list.  Plaintiff's numbers are used exclusively for residential, non-commercial purposes.

43.     Plaintiff's telephone numbers were on the National Do Not Call Registry for more than 31 days prior to the receipt of the first call advertising Defendants' goods or services.

44.     Defendant CONTACTABILITY.COM LLC is a "person" as the term is defined by 47 U.S.C. § 153(39).

45.     Defendant SmartFinancial.com Insurance, LLC is a "person" as the term is defined by 47 U.S.C. § 153(39).

46.     On information and belief, based on the information provided to Plaintiff by State Farm, Defendant ContactAbility made the calls to Plaintiff, and is thus directly liable for any violations of the TCPA stemming from those calls.

47.     On information and belief, Defendant SmartFinancial has the ability to prevent unauthorized calls in violation of the TCPA from being placed by its wholly-owned subsidiary ContactAbility, as it has a direct control relationship over its activities.

48.     Defendant SmartFinancial knew (or reasonably should have known) that its subsidiary was violating the TCPA on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct.

49.     On information and belief, Defendants placed their calls to Plaintiff's telephone numbers for non-emergency purposes.

50.     Plaintiff does not, nor did, have a business relationship with Defendants.

51.     Plaintiff did not give Defendants prior express written consent to place calls to his cellular and landline telephone number using an automatic telephone dialing system.

52.     Plaintiff suffered actual harm as a result Defendants' calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

53.     As well, Defendants' calls at issue unnecessarily tied up Plaintiff's cellular and landline telephone lines.

54.     On information and belief, Defendants, as a matter of pattern and practice, uses an artificial or prerecorded voice and/or an automated telephone dialing system when placing calls to telephone numbers assigned to a cellular telephone service, absent prior express written consent.

## Class Action Allegations

55.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

56.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

57.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more telemarketing calls on their cellular telephone

from either ContactAbility and/or SmartFinancial, sent via an automated telephone dialing system.

**National Do Not Call Registry Class**: All persons in the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone solicitation telemarketing call or text message from either ContactAbility and/or SmartFinancial within a 12-month period, since April 1, 2016.

58.     Plaintiff is a member of, and will fairly and adequately represent and protect the interests of, these Classes, as he has no interests that conflict with any of the class members.

59.     Excluded from the class are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

60.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

61.     This Class Action Complaint seeks injunctive relief and money damages.

62.     The Classes as defined above are identifiable through the Defendants' dialer records, other phone records, and phone number databases.

63.    The proposed Classes are so numerous that, upon information and belief, joinder of all members is impracticable.

64.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

65.    The proposed Classes are defined by reference to objective criteria.

66.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

67.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

68.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

- whether Defendants utilized an automatic telephone dialing system to make calls to the members of the Robocall Class;

- whether Defendants made multiple calls to members of the National Do Not Call Registry Class;

- whether Defendants' conduct constitutes a violation of the TCPA; and

- whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

69.     As a person who received non-emergency telephone calls using an automatic telephone dialing system without his prior express written consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member who also received such phone calls.

70.     As a person whose telephone number was placed on the National Do Not Call List and who received more than one call in a twelve month period, Plaintiff asserts claims that are typical of the National Do Not Call Registry Class.

71.     Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

72.     Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that he seeks to represent.

73.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

74.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

75.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

76.     There will be no insurmountable difficulty in the management of this action as a class action.

77.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class.

78.     Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)(1)(A)(iii))**
**On behalf of the Robocall Class**

79.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

80.     Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by making calls using an automated telephone dialing system to Plaintiff's cellular telephone number, without his prior express written consent.

81.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Robocall Class are entitled to an award of $500 in

statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

82.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendants from advertising goods or services, except for emergency purposes, to persons without proper consent by using an ATDS in the future.

**Count II**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)(1)(A)(iii))**
**On behalf of the Robocall Class**

83.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

84.     Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by making calls using an automated telephone dialing system to Plaintiff's cellular telephone number, without his prior express written consent.

85.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Robocall Class are entitled to an award of $1,500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

86.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendants from advertising goods or services, except

for emergency purposes, to persons without proper consent by using an ATDS in the future.

## Count III
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c))
### On behalf of the National Do Not Call Registry Class

87.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

88.     Defendants violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

89.     As a result of Defendant's violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Plaintiff and the members of the National Do Not Call Registry Class are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

90.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## Count IV
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c))

**On behalf of the National Do Not Call Registry Class**

91.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

92.     Defendants violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period on Defendants' behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

93.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Plaintiff and the members of the National Do Not Call Registry Class are entitled to an award of $1,500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

94.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**Trial by Jury**

95.     Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Injunctive relief prohibiting Defendants from calling telephone numbers advertising goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers without prior express written consent using an ATDS in the future;

b) As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Robocall Class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

c) As a result of Defendants' statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Robocall Class member $500 in statutory damages for each and every violation of the TCPA;

d) As a result of the Defendants' willful and/or knowing violations of 47 C.F.R. § 64.1200(c), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

e) As a result of Defendants' statutory violations of 47 C.F.R. § 64.1200(c), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class up to $500 in statutory damages for each and every violation of the TCPA;

f) An award of attorneys' fees and costs to counsel for Plaintiff and the Classes as permitted by law;

g) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

Dated: March 20, 2020          Respectfully submitted,

*/s/ Michael J. Boyle, Jr.*
Michael J. Boyle, Jr. (Bar No. 258560)
Email:  mboyle@meyerwilson.com
Matthew R. Wilson (Bar No.290473)
Email:  mwilson@meyerwilson.com
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

Anthony Paronich (*pro hac vice* to be filed)
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*